STATE FARM MUT. AUTO INS. CO. ET AL. *v.* CHARLTON, APPELLEE; RICHARDS & SIMMONS, APPELLANT.

(No. 74AP-137—Decided September 17, 1974.)

*Mr. Emerson Cheek, III,* for plaintiffs.
*Messrs. Tyack, Scott & Colley,* for appellee.
*Messrs. Graham & Nemeth,* for appellant.

WHITESIDE, J. Third-party-defendant Richards & Simmons appeals from a judgment of the Franklin County

Municipal Court against it and defendant Betty Charlton (third-party plaintiff) in favor of plaintiffs. Plaintiffs filed their complaint, seeking to recover from defendant Betty Charlton for damages to a motor vehicle received in an accident allegedly caused by the negligence of defendant.

Defendant Charlton filed a third-party complaint against Richards & Simmons, contending that its negligence was the cause of the accident and seeking to recover for damage to her automobile incurred in the accident and also seeking judgment against the third-party defendant "for all sums that may be adjudged against defendant in favor of plaintiffs." Although not specifically so stated in the third-party complaint, Charlton alleged to the effect that the accident was caused solely by the negligence of Richards & Simmons. However, if the accident was found to have been a matter of joint negligence, then the complaint sought contribution from the third-party defendant for any damages found to be due from Charlton to plaintiffs.

Richards & Simmons filed a motion to strike the third-party complaint from the files upon the grounds that such complaint was not proper. This motion was overruled by the trial court, as was a motion to reconsider. At the commencement of the trial plaintiffs moved for leave to amend their complaint and join the third-party defendant Richards & Simmons as a party defendant and to assert a claim against it. This motion was overruled by the trial court.

The case proceeded to trial, and the trial court rendered a judgment "for the plaintiffs against Betty Charlton and Richards & Simmons for the sum of $1455.97 & costs * * *."

Richards & Simmons has appealed to this court from the judgment against it. Plaintiffs have filed no brief herein in opposition to the appeal; however, defendant Betty Charlton has, as an appellee, appeared and defended against the appeal.

In support of its appeal, the third-party defendant raises three assignments of error as follows:

"1. Third party defendant, appellant herein, asserts

that the court below committed prejudicial error when it overruled third party defendant's motion to strike the third party complaint from the file.

"2. Court below committed prejudicial error when it awarded relief not in conformance with the pleadings.

"3. Court below committed prejudicial error when it overruled third party defendant's motion to dismiss the third party complaint for failing to state a cause of action."

We shall first consider the first and third assignments of error, which are related.

Civ. R. 14(A) provides for the filing by a defendant of a third-party complaint which may bring into the action a person not a party thereto. Specifically, Civ. R. 14(A) provides, in pertinent part:

" * * * At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him.* * * *" (Emphasis added.)

The foundation of the third-party complaint must be that the third party is or may be liable to the defendant for all or part of the plaintiffs' claim against the defendant filing the third-party complaint.

Charlton's complaint set up an independent cause of action that she allegedly possessed against the third-party defendant but one arising out of the same occurrence upon which plaintiffs' claim against defendant Charlton was predicated. Civ. R. 14(A) does not permit such a third-party complaint.

However, defendant Charlton also sought by her third-party complaint to recover from the third-party defendant Richards & Simmons any judgment that might be rendered in favor of plaintiffs against defendant Charlton. This would appear to meet the requirement of Civ. R. 14(A) that the third-party defendant be a person "who is or may be liable to" defendant Charlton "for all or part of the plaintiff's claim against" her.

A third-party complaint does not state a claim for relief against a third-party defendant merely by alleging that such person is or may be liable to the original defendant for all or part of the plaintiff's claim against him. Rather, it must state a claim for such relief. Essentially, in this case, assuming plaintiffs had a valid claim against defendant Charlton, the claim against the third-party defendant was no more than a demand for contribution from a joint or concurrent tortfeasor. Ohio law does not permit contributions between joint or concurrent tortfeasors. We concur in the statement in the staff note to Civ. R. 14(A) that:

"* * * Rule 14(A) permits a defendant to implead only that third-party defendant 'who is or may be liable to him.' * * * In contrast, if a plaintiff chose to sue only one of two joint or concurrent tortfeasors, the defendant tortfeasor could not implead the other tortfeasor under Rule 14(A) because in Ohio a joint or concurrent tortfeasor is liable for the full amount of the claim and does not enjoy the right of contribution from a co-tortfeasor."

In *State, ex rel. Jacobs,* v. *Municipal Court* (1972), 30 Ohio St. 2d 239, in commenting upon Civ. R. 14(A), it is stated at page 242:

"This language presupposes that the liability sought to be 'passed on' by the third-party claim arose out of the transaction or occurrence which is the subject matter of the primary claim. The transaction or occurrence which forms the subject matter of the primary claim must be the same transaction or occurrence that gives rise to legal rights in the defendant against the third-party defendant. *If the claim asserted in the third-party complaint does not arise because of the primary claim, or is in some way derivative of it, then such claim is not properly asserted in a third party complaint. * * *"* (Emphasis added.)

Here, defendant's "claim" against the third-party defendant neither arose out of the primary claim, nor was derivative of it. The trial court should have sustained the third-party defendant's motions to strike or dismiss the third-party complaint because it did not state a proper

claim for relief as a third-party complaint. The first and third assignments of error are well taken.

The second assignment of error relates to the judgment entered by the trial court in favor of plaintiffs against the third-party defendant. The record is clear that plaintiffs did not join Richards & Simmons as a party against whom they sought relief. As indicated above, the trial court, immediately prior to the commencement of the trial, overruled plaintiffs' motion seeking leave to amend their complaint to add Richards & Simmons as a party defendant. Counsel for plaintiffs renewed this motion at the conclusion of plaintiffs' case. However, before a final ruling thereon by the trial court, counsel for plaintiffs stated:

"Your Honor, for the record, I would like to withdraw my motion to add to amend the complaint, adding Richards & Simmons."

Judicial economy is a virtue and extends to efforts to combine in one action all matters arising from a single occurrence or transaction, so that all matters depending upon a single set of facts may, to the extent feasible and possible, be determined in a single action. However, judicial economy does not extend to grant relief to a plaintiff which he has not sought against a party he has not sued. Yet, this is the effect of the judgment of the trial court.

By withdrawing their motion to amend their complaint to add the third-party defendant Richards & Simmons as a defendant, plaintiffs clearly sought no relief against such third-party defendant. However, the trial court granted a judgment to plaintiffs against such third-party defendant, although a joint judgment, along with a judgment against defendant Charlton. However, there being no contribution between tortfeasors, plaintiffs are free to seek full satisfaction of the judgment from defendant Charlton. Conversely, if the judgment is permitted to stand, plaintiffs are free to obtain full satisfaction of the judgment from Richards & Simmons.

It was error for the trial court to enter a judgment in favor of plaintiffs against the third-party defendant Rich-

ards & Simmons, a party against whom plaintiffs had neither sought relief nor sued. While this error might not be prejudicial in a situation where the person sued in turn had a right of full recovery from the third-party defendant, it is prejudicial error in a case where no right of contribution exists. The second assignment of error is well taken.

For the foregoing reasons, all three assignments of error are sustained, and the judgment of the Franklin County Municipal Court is reversed insofar as it rendered judgment in favor of plaintiffs against third-party defendant Richards & Simmons, and the cause is remanded to that court for execution of this judgment.

*Judgment reversed.*

HOLMES and REILLY, JJ., concur.