SOUTHEAST MORTGAGE COMPANY, Plaintiff-Appellee,

v.

Betty Ruth MULLINS, Defendant-Third-Party Plaintiff-Appellant,

v.

Carla Anderson HILLS, as Secretary of the United States Department of Housing, etc., et al., Third-Party Defendants-Appellees.

No. 74–1993.

United States Court of Appeals, Fifth Circuit.

June 16, 1975.

Steven Wisotsky, Legal Services of Greater Miami, Inc., Miami, Fla., Robert

A. Bertisch, Legal Services of Greater Miami, Inc., Perrine, Fla., for defendant-third-party plaintiff-appellant.

Robert W. Rust, U. S. Atty., Carol M. Anderson, Mary Ella Johnson, Asst. U. S. Attys., Miami, Fla., William Saxbe, U. S. Atty. Gen., U. S. Dept. of Justice, Washington, D. C., for third-party defendants-appellees.

C. Victor Tutan, James A. Smith, Miami, Fla., for plaintiff-appellee.

Before WISDOM and DYER, Circuit Judges, and KRAFT,* District Judge.

DYER, Circuit Judge:

On this appeal we are called upon to review an order dismissing with prejudice a third party complaint filed against the Department of Housing and Urban Development (HUD)[1] by the defendant in a state mortgage foreclosure proceeding. The action came before the district court following removal by HUD pursuant to 28 U.S.C.A. § 1442, and is somewhat complicated by the fact that, following HUD's dismissal, the suit was remanded to state court. See 28 U.S.C.A. § 1447(c). We conclude that the remand does not bar our review of the district court's order dismissing the third party complaint, and that on the merits its action was correct, except that the dismissal should have been ordered without prejudice. As so modified, we affirm the district court's judgment.

Since this suit was dismissed on the pleadings, the factual allegations of the complaint must be taken as true for the purposes of appeal. Ward v. Hudnell, 5 Cir. 1966, 366 F.2d 247, 249. The third party complaint alleges that the individual third party plaintiff, Betty Mullins, is a person of low income purchasing a home under the program established by § 235 of the National Housing Act, 12 U.S.C.A. § 1715z (the "235 program"). The 235 program is designed to assist low income families in procuring homes by making mortgage assistance payments directly to the mortgagee on behalf of the mortgagor and by providing insurance to protect the mortgagee against defaults. Only private mortgagees approved by HUD are authorized to participate in the program.

Mullins' 235 program mortgage was serviced by Southeast Mortgage Corporation. Due to the loss of her May, 1973, state assistance check under the Aid to Families with Dependent Children program, Mullins was unable to make the mortgage payment for June, 1973, when due. Although she explained that she would rectify the delinquency when the state reissued her welfare check, Southeast refused her subsequent tenders of individual monthly payments, and in September, 1973, demanded payment of all delinquent installments, attorney's fees, and related charges as a condition for reinstatement of the loan. Failing payment, Southeast instituted foreclosure proceedings in state court.

In addition to an answer, Mullins responded by filing a third party complaint against HUD which, as amended, sought relief on behalf of the class of all persons purchasing homes under the 235 program. The complaint alleged that HUD had violated the due process rights of the class by permitting the initiation of foreclosure proceedings, and the consequent suspension of government mortgage assistance payments, without a pretermination hearing; it also alleged that HUD was in violation of its duties under the National Housing Act by failing to enforce as mandatory regulations certain provisions contained in the "Mortgagees Guide."[2] The Guide recommended the use of informal procedures including letters, telephone calls,

---

* Senior District Judge of the Eastern District of Pennsylvania, sitting by designation.

1. The defendants named in the third party complaint were James T. Lynn, Secretary of HUD, and Louis T. Baine, acting director of HUD's Miami office, both sued in their official capacities. For convenience, the agency name has been used in referring to these defendants throughout the opinion.

2. Mortgagees Guide: Administration of Insured Mortgages, FHA G 4015.

and personal visits by a mortgagee to determine why a mortgage payment was late, and suggested the consideration of alternatives, such as accepting reduced payments, recasting the mortgage, or assigning the mortgage to the FHA, in lieu of foreclosure. HUD promptly removed the action to federal court, and filed a motion to dismiss the third party complaint. Its motion was granted and this appeal ensued.

■ As a threshold matter, we determine that we have jurisdiction to review the district court's order of dismissal even though it resulted in a remand to state court. While by statute a remand order is non-reviewable "on appeal or otherwise," 28 U.S.C.A. § 1447(d), the situation before us is controlled by the Supreme Court's decision in Waco v. United States Fidelity & Guar. Co., 1934, 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244. In *Waco,* a "vouched-in" (third party) defendant removed the suit in which it had been impleaded to federal court. It then successfully moved for its own dismissal from the action, which in turn destroyed diversity jurisdiction and generated a remand to state court. The Court of Appeals dismissed an appeal from the order of dismissal as moot, reasoning that the non-reviewable remand order had irrevocably removed the controversy from the district court's jurisdiction. The Supreme Court reversed. Noting that the result reached below would also render the order of dismissal functionally non-reviewable, the Court distinguished between it and the order of remand, holding that

> [i]n logic and in fact the decree of dismissal preceded that of remand and was made by the District Court while it had control of the cause. Indisputably this order is the subject of an appeal; and, if not reversed or set aside, is conclusive upon the petitioner.

293 U.S. at 143, 55 S.Ct. at 7.

■ Turning to the merits, we conclude that the claim Mullins seeks to assert cannot properly be raised by means of a third party complaint and that the district court acted correctly in dismissing it.

■ Under both Florida and federal rules of civil procedure, a third party defendant may be impleaded only when he "is or may be liable to [the defendant-third party plaintiff] for all or part of the plaintiff's claim against him." Fed.R.Civ.P. 14(a); Fla.R.Civ.P. 1.180(a). This permits the use of the procedural device of impleader only when the third party defendant's potential liability is dependent upon the outcome of the main claim, a concept discussed at some length in United States v. Joe Grasso & Son, Inc., 5 Cir. 1967, 380 F.2d 749. There we said:

> [A]n entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does rise out of the same general set of facts as the main claim.

> The question whether a defendant's demand presents an appropriate occasion for the use of impleader or else constitutes a separate claim has been resolved consistently by permitting impleader only in cases where the third party's liability was in some way derivative of the outcome of the main claim. In most such cases it has been held that for impleader to be available the third party defendant must be "*liable secondarily* to the original defendant in the event that the latter is held liable to the plaintiff." Stating the same principle in different words, other authorities declare that the third party must necessarily be *liable over* to the defendant for all or part of the plaintiff's recovery, or that the defendant must attempt to pass on to the third party all or part of the liability asserted against the defendant. Whichever expression is preferred, it is clear that impleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim.

380 F.2d at 751–52 (citations omitted).

Under these principles, the impropriety of Mullins' class allegations is patent. The overwhelming majority of 235 program home purchasers are of course not being serviced by Southeast as mortgagee, and in any event, that institution's

success or failure in foreclosing Mullins' mortgage is totally irrelevant to the issue of HUD's potential liability toward the class.

However, even treating Mullins' complaint as stating solely an individual rather than a class claim, we still find that it is insufficiently related to the main suit to be maintained by impleader. The gravamen of the third party complaint is that HUD has violated its statutory responsibilities under the 235 program by failing to provide more stringent limitations on the right of program mortgagees to foreclose, an issue on its face distinct from and collateral to those raised by Southeast's suit. · The sole connection between the two is the contention that, *but for* HUD's failure to adopt and enforce adequate regulations, there would have been no foreclosure proceedings.

The suggestion that a separate and independent claim can be made the proper subject of a third party complaint because, but for the violation of duty alleged the main claim would not have matured, has been rejected by this and other courts. A case closely in point is Majors v. Am. Nat'l Bank of Huntsville, 5 Cir. 1970, 426 F.2d 566. Majors, a stockbroker, was sued under the securities acts for damages arising in part from the alleged misappropriation of funds entrusted to him for the purchase of stock in a proposed corporation. By way of defense, Majors sought to implead the American National Bank. He alleged that the bank had been negligent in negotiating the checks given in payment for the stock and that this negligence was the proximate cause of the misappropriation. This Court affirmed the district court's dismissal of the third party complaint as an independent claim not properly asserted by impleader.

To like effect is Rozelle v. Connecticut Gen. Life Ins. Co., 10 Cir. 1972, 471 F.2d 29, cert. denied, 1973, 411 U.S. 921, 93 S.Ct. 1549, 36 L.Ed.2d 314. There Rozelle, the defendant in a mortgage foreclosure proceeding, sought to implead

the holders of timber rights reserved by his predecessors in title.[3] He alleged that these rights had been improperly exercised by their holders, with the effect that he had been prevented from making sufficient money by developing the land to meet his mortgage payments. The dismissal of Rozelle's third party complaint also was affirmed.

The common thread running through these cases, and our own, is that the right or duty alleged to have been violated in the third party complaint does not emanate from the main claim but exists wholly independent of it. In each, the nexus with the principal action is not that it establishes the right to relief, but merely the need for relief.

Since we hold that the district court's dismissal of Mullins' complaint was correct on procedural grounds, we need not and do not reach the question of whether it would state a claim in an appropriate proceeding. See, e. g., Brown v. Lynn, N.D.Ill.1974, 385 F.Supp. 986. Accordingly, · to avoid possible confusion concerning the scope of the *res judicata* effect of the district court's decision, the dismissal should be granted without prejudice. As so modified, the judgment of the district court is

Affirmed.

---

3. The holders of the timber rights were not directly involved in the foreclosure proceeding because the mortgage had been expressly made subject to them.