[Cite as *HSBC Bank, USA v. Maust*, 2014-Ohio-3170.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


HSBC BANK, USA

      Plaintiff-Appellee

-vs-

ALLAN B. MAUST, et al.

      Defendants-Appellants

JUDGES:
Hon. Sheila  G. Farmer, P. J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 13 CA 82

O P I N I O N


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common Pleas, Case No.  12 CV 62

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     July 16, 2014

APPEARANCES:

For Plaintiff-Appellee

DAVID F. HANSON
MANLEY DEAS KOCHALSKI
1400 Goodale Boulevard
Suite 200
Columbus, Ohio  43212

For Defendants-Appellants Maust

THOMAS M. TYACK
TYACK, BLACKMORE, LISTON & NIGH
536 South High Street
Columbus, Ohio  43215

For Third-Party Defendant US Bank

TIMOTHY SULLIVAN
TAFT STETTINIUS & HOLLISER
425 Walnut Street, Suite 1800
Cincinnati, OHio  45202

*Wise, J.*

{¶1}   Defendants Allan and Rebecca Maust appeal a summary judgment of the Court of Common Pleas of Fairfield County, Ohio, entered in favor of Plaintiff-Appellee HSBC Bank USA on its complaint for foreclosure.  Third-Party Defendant-Appellee Fifth Third Mortgage Company, et al. is also a party to this appeal.

### STATEMENT OF THE FACTS AND CASE

{¶2}    In 2009, Fifth Third Mortgage Company initiated a foreclosure suit against the Allan and Rebecca Maust in the Fairfield County Court of Common Pleas, Case No. 2009 CV 01015. Fifth Third subsequently dismissed that action.

{¶3}   On May 18, 2010, Fifth Third filed with the Fairfield County Recorder an Assignment of Mortgage, executed by Fifth Third Vice President Brad Griffith, to U.S. Bank ("First Assignment").

{¶4}   On August 4, 2010, U.S. Bank filed a foreclosure action against the Mausts in Fairfield County Common Pleas Court, Case No. 2010 CV 00947.

{¶5}   Subsequently, on August 31, 2010, Fifth Third filed with the Fairfield County Recorder an Assignment of Mortgage, executed by Brad Griffith, to U.S. Bank Home Mortgage ("Second Assignment"). On the date the Second Assignment was recorded, an Amended Complaint was filed in the pending foreclosure action to change the name of the Plaintiff from U.S. Bank to U.S. Bank Home Mortgage.

{¶6}   In January, 2011, Case No. 2010 CV 947 was dismissed without prejudice.

{¶7}   On September 13, 2011, Brad Griffith executed an Affidavit of Facts Relating to Real Estate ("Affidavit of Facts") in which Griffith averred that the First

Assignment and Second Assignment were incorrect, in that each had named the wrong assignee. Griffith averred that the correct assignee was HSBC Bank. *Id.*

{¶8} At the same time, Fifth Third recorded an assignment of mortgage to the correct assignee, HSBC Bank.

{¶9} On January 20, 2012, HSBC Bank filed a Complaint for Foreclosure with a Count for Reformation, which is the subject of this appeal.

{¶10} On February 22, 2012, the Mausts filed an Answer, Counterclaim and Third-Party Complaint. The Third-Party Complaint named Fifth Third Mortgage Company, U.S Bank, U.S. Bank Home Mortgage, Jeff Brennan and Brad Griffith as Third-Party Defendants.

{¶11} On April 27, 2012, Third-Party Defendants Brad Griffith and Jeff Brennan filed individual motions to dismiss.

{¶12} On May 23, 2012, the Mausts filed memoranda contra to the motions to dismiss.

{¶13} On July 7, 2012, the trial court granted the motions to dismiss filed by Brad Griffith and Jeff Brennan.

{¶14} On July 20, 2012, Third-Party Defendants U.S. Bank dba U.S. Bank Home Mortgage and Fifth Third Mortgage Company filed individual Motions for Judgment on the Pleadings.

{¶15} On August 9, 2012, the Mausts filed memoranda contra to the motions for judgment on the pleadings.

{¶16} On August 13, 2012, the trial court granted the motions for judgment on the pleadings filed by U.S. Bank and Fifth Third Mortgage Company.

**{¶17}** On March 13, 2013, HSBC Bank moved for summary judgment in its favor on its complaint and on the Mausts' counterclaim.

**{¶18}** On September 10, 2013, the trial court granted Appellee's motion for summary judgment.

**{¶19}** Appellants now assign the following errors to the trial court:

<u>ASSIGNMENTS OF ERROR</u>

**{¶20}** "I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS THERE WERE QUESTIONS OF FACT AS TO WHETHER PLAINTIFF IS THE REAL PARTY IN INTEREST.

**{¶21}** "II. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW.

**{¶22}** "III. THE TRIAL COURT ERRED IN GRANTING THIRD-PARTY DEFENDANT FIFTH THIRD MORTGAGE COMPANY'S JUDGMENT ON THE PLEADINGS."

<u>SUMMARY JUDGMENT STANDARD</u>

**{¶23}** Civ.R. 56 states in pertinent part:

**{¶24}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable

minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

**{¶25}** A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, *Houndshell v. American States Insurance Company* (1981), 67 Ohio St. 2d 427. The court may not resolve ambiguities in the evidence presented, *Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St. 3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law, *Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App. 3d 301.

**{¶26}** When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St. 3d 35. This means we review the matter de novo, *Doe v. Shaffer,* 90 Ohio St.3d 388, 2000-Ohio-186.

**{¶27}** The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim, *Drescher v. Burt* (1996), 75 Ohio St. 3d 280. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set

forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, *Henkle v. Henkle* (1991), 75 Ohio App. 3d 732.

I., II.

{¶28} In their first two Assignments of Error Appellant argues that the trial court erred in granting summary judgment in favor of HSBC Bank USA. We disagree.

{¶29} Upon review, with regard to the Note and Mortgage in this case, we find the evidence produced in support of Appellee's motion for summary judgment demonstrated:

THE MORTGAGE

{¶30} On December 22, 2006, Appellants executed a Mortgage in favor of Fifth Third Bank;

{¶31} In 2010, Fifth Third Bank assigned the mortgage to U.S. Bank and U.S. Bank Home Mortgage.

{¶32} On September 13, 2011, an Affidavit of Facts was filed by Fifth Third Bank Officer Brad Griffith stating that the assignments were made in error .

{¶33} On September 13, 2011, Fifth Third Bank assigned the Mortgage to Appellee HSBC Bank USA.

THE PROMISSORY NOTE

{¶34} On December 22, 2006, Appellants executed a Note (and Mortgage) in favor of Fifth Third Bank.

{¶35} Fifth Third Bank indorsed the Note in blank.

**{¶36}** HSBC Bank USA is currently in possession of the Note.

SUMMARY JUDGMENT

**{¶37}** Appellee, in support of its motion for summary judgment, attached an Affidavit of Brad Taylor authenticating the Note and Mortgage signed by the Mausts, that the Mausts were in default, and that such Note and Mortgage was assigned to HSBC Bank.

**{¶38}** We further find, with regard to the erroneous assignments or mortgage, an Affidavit of Facts Relating to Real Estate pursuant to R.C. §5301.252 was filed correcting the inadvertent errors.

**{¶39}** R.C. §5301.252, provides as follows:

**{¶40}** "(A) An affidavit stating facts relating to the matters set forth under division (B) of this section that may affect the title to real estate in this state, made by any person having knowledge of the facts or competent to testify concerning them in open court, may be recorded in the office of the county recorder in the county in which the real estate is situated. When so recorded, such affidavit, or a certified copy, shall be evidence of the facts stated, insofar as such facts affect title to real estate.

**{¶41}** "(B) The affidavits provided for under this section may relate to the following matters:

**{¶42}** "(1) Age, sex, birth, death, capacity, relationship, family history, heirship, names, identity of parties, marriage, residence, or service in the armed forces;

**{¶43}** "(2) Possession;

**{¶44}** "(3) The happening of any condition or event that may create or terminate an estate or interest;

**{¶45}** "(4) The existence and location of monuments and physical boundaries, such as fences, streams, roads, and rights of way;

**{¶46}** "(5) In an affidavit of a registered surveyor, facts reconciling conflicts and ambiguities in descriptions of land in recorded instruments.

**{¶47}** "(C) The county recorder for the county where such affidavit is offered for record shall receive and cause the affidavit to be recorded as deeds are recorded, and collect the same fees for recording such affidavit as for recording deeds.

**{¶48}** "(D) Every affidavit provided for under this section shall include a description of the land, title to which may be affected by facts stated in such affidavit, and a reference to an instrument of record containing such description, and shall state the name of the person appearing by the record to be the owner of such land at the time of the recording of the affidavit. The recorder shall index the affidavit in the name of such record owner.

**{¶49}** "(E) Any person who knowingly makes any false statement in any affidavit provided for in this section is guilty of falsification under division (A)(6) of section 2921.13 of the Revised Code."

**{¶50}** Under R.C. §5301.252(B)(3), an affidavit may state facts relating to "[t]he happening of any condition or event that may create or terminate an estate or interest ***." Here, the Affidavit provides notice that the two previous assignments of mortgage were done in error, and thus, clearly relate to the happening of an event that may create or terminate an interest in land. Therefore, they relate to a matter set forth in R.C. §5301.252(B).

**{¶51}** Furthermore, these affidavits state that (1) they are made by a person having knowledge of the facts or competent to testify concerning them in open court; (2) they include a reference to an instrument of record containing a description of the land affected by the affidavits; and (3) they state the name of the corporation which held record title to the land at the time of their filing. Therefore, such Affidavit also meets the other requirements of R.C. 5301.252.

**{¶52}** We find that based on the foregoing, Appellee met its initial Civ.R. 56 burden, and the burden shifted to Appellants to submit competent evidence to show that genuine issues of material fact remained.

**{¶53}** We find that Appellants, in their memorandum contra, failed to meet their burden. Appellants do not dispute that they are in default on the Note or that Appellee is the proper holder of the Note. Further, they do not dispute the Affidavit of Facts was properly filed.

**{¶54}** Based on the foregoing, we find that the trial court correctly found Appellee was entitled to summary judgment.

**{¶55}** Appellants' First and Second Assignments of Error are overruled.

III.

**{¶56}** In their Third Assignment of Error, Appellants argue that he trial court erred in granting Appellee Fifth Third Mortgage Company's motion for judgment on the pleadings. We disagree.

**{¶57}** A third-party complaint is a vehicle through which defendants are permitted to assert claims against non-parties of a type specified under Civ.R. 14(A) without leave of court:

**{¶58}** "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him.* The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than fourteen days after he serves his original answer." (Emphasis added.) See Civ.R. 14(A).

**{¶59}** Even when a third-party claim arises out of the same transaction or occurrence as the primary claim, it will not meet the requirements of Civ.R. 14(A) where the third-party complaint asserts an independent cause of action. *Franklin Cty. Bd. of Health v. Paxson,* 152 Ohio App.3d 193, 2003–Ohio–1331, 787 N.E.2d 59, ¶ 16 (10th Dist.); *State Farm Mut. Auto Ins. Co. v. Charlton,* 41 Ohio App.2d 107, 109, 322 N.E.2d 333 (10th Dist.1974). "[T]he alleged right of the defendant to recover, or the duty allegedly breached by the third-party defendant, must arise from the plaintiff's successful prosecution of the main action against defendant." *Renacci v. Martell,* 91 Ohio App.3d 217, 221, 632 N.E.2d 536 (9th Dist.1993). As recognized by the Ninth District Court of Appeals in *Renacci,* a third-party complaint must assert a claim of derivative liability:

**{¶60}** In order for a claim to be appropriately brought pursuant to Civ .R. 14(A), it must be "derivative of the outcome of the main claim." *United States v. Joe Grasso & Son, Inc. (C.A.5, 1967),* 380 F.2d 749, 751. The third-party defendant must be "secondarily liable" or "liable over." *Id.* "[I]t is clear that impleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim." *Id.* at 751–752. *Renacci* at 220, 632 N.E.2d 536.

**{¶61}** In the instant case, the trial court, in granting Fifth Third Mortgage Company's motion or judgment on the pleadings, found Appellant's third party claims against it were not proper pursuant to Civ.R. 14 because such were not derivative of or dependant on the outcome of the main claim in this action.

**{¶62}** Upon review, we find that the trial court did not err in granting Fifth Third Mortgage Company's motion for judgment on the pleadings as the primary claim in this case is an action on a promissory note and mortgage securing the note based upon a default in payments required under the note.

**{¶63}** Appellants' Third Assignment of Error is overruled.

**{¶64}** For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.

By: Wise, J.

Delaney, J., concurs.

Farmer, P. J., concurs separately.

JWW/d 0625

*Farmer, J., concurs*

{¶65} Although I concur with the majority's result in Assignment of Error II, I would find that the affidavit pursuant to R.C. 5301.252 is not sufficient in and of itself to establish that appellee has standing. However, the naming of the previous purported interest holders (U.S. Bank and U.S. Bank Home Mortgage) as party defendants and the motion for judgment on the pleadings filed by U.S. Bank, coupled with the granting of the motion by the trial court on August 13, 2012, are sufficient to correct any previous lien errors.

_____

HON. SHEILA G. FARMER