### BALCOFF v. TEAGARDEN et al.

District Court, S. D. New York.
Nov. 18, 1940.

A. Walter Socolow, of New York City, for plaintiff.

Andrew D. Weinberger, of New York City (Leon Kellman, of New York City, of counsel), for defendant.

KNOX, District Judge.

Teagarden, one of the defendants herein, asks leave to serve and file a third party summons and complaint, pursuant to Rule 14(a), of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The action is for copyright infringment, based on an alleged unauthorized performance by Teagarden of a certain song, at the request of plaintiff's sister, one Meredith Blake, who represented to him at the time that she was authorized by plaintiff to make this request. Defendant wishes to bring Miss Blake into the action upon the theory that if he should be held liable to plaintiff, he would have a cause of action for breach of warranty of authority against Miss Blake.

Plaintiff objects to the granting of the relief requested. His position is that, assuming defendant's assertions to be true, Miss Blake should not be made a party under Rule 14(a), because she would not be liable to the defendant "for all or part of the plaintiff's claim against the defendant, i. e., a claim for copyright infringement for unauthorized performance of a certain song."

 With this conclusion I do not agree. Rule 14 is derived from Admiralty Rule 56, 28 U.S.C.A. following section 723. Crim v. Lumbermens Mutual Casualty Company, D.C., 26 F.Supp. 715, 718, which permits a defendant to bring in a third party, provided the third party is liable to the defendant "by way of contribution, indemnity or otherwise, for the claim made against him." This language indicates the scope that was intended to be covered by the rule. It cannot be questioned that Rule 14 should be liberally construed to the end that circuity of action may be avoided, and that disputed jural relationships "growing out of the same matter" be resolved in one action. United States, to Use and for Benefit of Foster Wheeler Corporation, v. American Surety Company of New York et al., D.C., 25 F.Supp. 700; Dewey & Almy Chemical Company v. Johnson, Drake & Piper, Inc., et al., D.C., 25 F.Supp. 1021; Saunders v. Goldstein (Southern Dairies, Inc., et al., Third Parties), D.C., 30 F.Supp. 150.

To sanction the narrow construction proposed by plaintiff would be tantamount to an emasculation of Rule 14 with a consequent loss of its beneficent objectives.

Defendant's motion for permission to serve a summons and third party complaint upon Meredith Blake is, therefore, granted.