**AETNA CASUALTY AND SURETY COMPANY, Plaintiff,**

v.

**Kenneth W. KOCHENOUR and Edith Kochenour, Defendants and Third-Party Plaintiffs,**

v.

**KEYSTONE GRILLES, INC., William M. Murray and Allen Kline and Oliver Miller, Co-Partners, t/a Kline & Miller, Third-Party Defendants.**

**Civ. A No. 10254.**

United States District Court
M. D. Pennsylvania.

Oct. 18, 1968.

Metzger, Hafer, Keefer, Thomas & Wood, Harrisburg, Pa., for plaintiff.

McNees, Wallace & Nurick, Harrisburg, Pa., for defendants and third-party plaintiffs.

Handler & Handler, Harrisburg, Pa., for third-party defendant, Keystone Grilles, Inc.

Metzger, Wickersham, Knauss & Erb, Harrisburg, Pa., for third-party defendant, William M. Murray.

## MEMORANDUM

FOLLMER, District Judge.

The original suit was filed by Aetna Casualty and Surety Company against the defendants, Kenneth W. Kochenour and Edith Kochenour, his wife, to recover $10,937.00 expended by the plaintiff in the payment to subcontractors who furnished labor and material on the construction job on which Kenneth W. Kochenour was the contractor. Kenneth W. Kochenour had entered into a Performance Bond and a Labor and Material Payment Bond on which the plaintiff was surety. At the same time Kenneth W. Kochenour and his wife, Edith Kochenour, entered into an Indemnity Agreement with the surety company agreeing to indemnify the surety company for any losses or expenditures that the surety company might be required to incur as a result of the bonds executed by Kenneth W. Kochenour.

After Kochenour had completed construction of the building, Keystone Grilles failed to pay the balance due on the contract price, plus extras, in the sum of $11,742.26. As a result, Kochenour was without funds to pay certain subcontractors and material men, and they obtained judgments against him and then collected same from the plaintiff bonding company, which payments give rise to the instant claim.

Concurrently, Kochenour instituted suit in the Court of Common Pleas of Dauphin County against Keystone Grilles for the balance which he claimed to be due. To this complaint, Keystone Grilles filed a preliminary objection, the substance of which was to claim that if it owed Kochenour any money on the contract, this sum was owed to Aetna, plaintiff herein, rather than Kochenour. Keystone Grilles relies upon a letter received from the plaintiff, dated December 21, 1966, instructing Keystone Grilles to make all further payments due under the contract to Aetna rather than to Kochenour.

Keystone Grilles refuses payment to Kochenour and/or Aetna, alleging unsatisfactory and incomplete performance by Kochenour. Kochenour, on the other hand, contends that performance was complete in accordance with the contract, and that if there was any defective performance, this was occasioned by faulty inspection and/or supervision and/or preparation of specifications, or changes made therein, by the architect, one William M. Murray, also a third-party defendant herein. Kochenour also alleges that one of the alleged defects, if it exists, arose from performance by the concrete subcontractor, Kline & Miller,

who are also joined here as third-party defendants, but who are not contesting said joinder.

Aetna, the plaintiff, has brought suit against Kochenour, claiming that it is his responsibility to reimburse Aetna for the monies which it advanced the various subcontractors. Kochenour defends this suit by stating that if any money is owed Aetna, it is owed by Keystone Grilles and/or Murray and/or Kline & Miller, who, for various reasons, are the cause of Kochenour not being paid the balance due under the contract, and Kochenour thus not being able to pay the subcontractors, which, in turn, required that the bonding company step in and pay them.

Keystone Grilles, Inc., and William M. Murray both filed motions to dismiss third-party complaint under Rule 12(b) (6) of the Federal Rules of Civil Procedure. The reasons given by Keystone Grilles, Inc., in its motion to dismiss are as follows:

1. The Plaintiff's claim for relief is based upon an indemnity agreement given it by the Defendants because the Plaintiff, a surety company, was required to make payment to subcontractors who furnished labor and material in connection with a construction contract entered into between Keystone Grilles, Inc., as owner, and Kenneth W. Kochenour, as contractor.

2. The Defendants (Third-Party Plaintiffs) have averred in their answer and in the Third-Party Complaint that they are unable to pay their obligation under said indemnity agreement to the Plaintiff because Keystone Grilles, Inc., has not paid Kenneth W. Kochenour the balance due under said construction contract.

3. A determination for or against the Defendants (Third-Party Plaintiffs) on the claim asserted against Keystone Grilles, Inc., would not legally determine or affect in any way the merits of the claim asserted by the Plaintiff in its Complaint against the Defendants (Third-Party Plaintiffs).

4. Since the claim for relief asserted by the Defendants (Third-Party Plaintiffs) against the Third-Party Defendant, Keystone Grilles, Inc., differs from the Plaintiff's claim against them, the Third-Party Complaint is not within the scope of Rule 14(a) of the Federal Rules of Civil Procedure.

Rule 14(a) of the Federal Rules of Civil Procedure provides, in part, as follows: "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

In essence, Kochenour claims that the third-party defendants are liable to him for the entire sum of the plaintiff's claim. Further, there is no question that all of these claims arise out of the same set of operative facts and that these facts are completely and irrevocably intertwined. Further, requiring all of the third-party defendants to remain as parties to this suit will insure that the disposition of this case will effectively dispose of all of the various claims involved and will not require further litigation by any of the parties kept in the action.

Third-party defendant, Keystone Grilles, contends:

It is therefore submitted that the claim being asserted against the third-party defendants (including Keystone Grilles, Inc.) is not within the scope of Rule 14 of the Federal Rules of Civil Procedure, for the reason that, even though the third-party claim may arise out of the same general facts as the main claim, the defendants have no right to assert an entirely separate claim as they are trying to do, against a third-party under Rule 14. If the defendants (third-party plaintiffs) pay to the plaintiff, Aetna Casualty and

Surety Co., the amount of its claim, such payment will in no way give the Kochenours any right of action against Keystone Grilles, Inc.

Third-party defendant Murray contends that he, the architect, cannot be liable to defendants who have been sued on the basis of an express written contract of indemnity, where third-party complaint against the architect avers that because of the professional negligence of the architect a chain of events occurred which resulted in the claim of the surety company against the defendant.

In American Fidelity and Casualty Company, Inc. v. Greyhound Corporation, 232 F.2d 89, 92 (5th Cir. 1956), the court said:

It is settled that impleader under Rule 14(a) does not require an identity of claims, or even that the claims rest on the same theory. Otherwise the purposes of the Rule would be defeated. Plainly, if the theories differ, the facts supporting each will differ, and the question is what degree of difference will be allowed in the facts relied upon. In answering this question, the purposes of the Rule, including the desire to avoid circuity of actions and to obtain consistent results, must be balanced against any prejudice which the impleaded party might suffer, and these considerations are left to the discretion of the trial court. * * *

Davis v. Associated Indemnity Corporation, 56 F.Supp. 541 (M.D.Pa.1944), held that the joining of an action sounding in contract with one sounding in negligence by means of a third-party complaint is authorized under Rule 14 of the Federal Rules of Civil Procedure.

In Balcoff v. Teagarden et al., 36 F.Supp. 224, 225 (S.D.N.Y.1940), the court said, in part:

* * * Rule 14 is derived from Admiralty Rule 56, 28 U.S.C.A. following section 723. Crim v. Lumbermens Mutual Casualty Company, D.C., 26 F.Supp. 715, 718, which permits a defendant to bring in a third party, provided the third party is liable to the defendant 'by way of contribution, indemnity or otherwise, for the claim made against him.' This language indicates the scope that was intended to be covered by the rule. It cannot be questioned that Rule 14 should be liberally construed to the end that circuity of action may be avoided, and that disputed jural relationships 'growing out of the same matter' be resolved in one action. * * *

In Fruit Growers Co-op. v. California Pie & Baking Co., Inc., 2 F.R.D. 415 (E.D.N.Y.1942), the court held, inter alia:

* * * Whether 'the plaintiff's claim' as used in Rule 14 embraces defendant's proposed action against the carrier is the question at issue. Undoubtedly Rule 14 was primarily intended to cover the insurer and indemnitor sort of situation, but it is hardly to be so precisely limited.

Here plaintiff sues in contract, whereas defendant asserts a tort claim against the carriers. Yet * * *, defendant is seeking merely to transfer to the carriers the liability which is being asserted against it. The situation so closely approximates that of the surety or indemnitor that the case appears reasonably within the scope of Rule 14. Considerable time would be wasted were two separate actions necessary. * * *

As stated by the court in Balcoff, Id. 36 F.Supp. at 225:

To sanction the narrow construction proposed by plaintiff would be tantamount to an emasculation of Rule 14 with a consequent loss of its beneficent objectives.

The motions of Keystone Grilles, Inc., and William M. Murray to dismiss the third-party complaint against them will be denied.