JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Nancy Trojanski ("Trojanski") appeals the Garfield Heights Municipal Court's judgment for defendant-appellee David George ("George"). We find no merit to this appeal and affirm.
 {¶ 2} Trojanski filed her small claims complaint against George on May 30, 2003, alleging that he misrepresented the condition of the 1994 minivan he sold to her. She sought $949.26 in damages to recover the repair costs she incurred. In July 2003, trial commenced before a magistrate and, a month later, the magistrate issued his report.
 {¶ 3} The magistrate found that Trojanski's complaint was barred by the doctrine of res judicata. The magistrate noted that on November 7, 2002, Trojanski filed an earlier complaint in which she sought repair costs against the same defendant involving the sale of the same vehicle. In that case, the court found in favor of George. Although Trojanski subsequently appealed, her appeal was dismissed because she failed to file the record. See Trojanski v. George (Apr. 16, 2003), Cuyahoga App. No. 82351. The magistrate found that the two complaints were "substantially the same" and, as a result, the doctrine of res judicata barred the subsequent complaint.
 {¶ 4} The trial court adopted the magistrate's decision and entered judgment for George. From this decision, Trojanski appeals, raising two assignments of error.[1]
 Res Judicata {¶ 5} In her first assignment of error, Trojanski contends that the trial court erred by finding that her complaint was barred by the doctrine of res judicata. We disagree.
 {¶ 6} When considering any argument raised on appeal, a reviewing court is limited to considering only those matters found in the record. Volodkevich v. Volodkevich (1989),48 Ohio App.3d 313, 314. Further, the appellant has the duty to provide a reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support the appellant's assignments of error. Id. See, also, App.R. 9(B) and 10(A). In the absence of such evidence within the record, this court must presume regularity of the proceedings below. Id.;Baltz v. Richards, Cuyahoga App. No. 81300, 2003-Ohio-560, citing Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,19-20.
 {¶ 7} Although Trojanski argues that the instant case and her earlier case are unrelated, she has failed to include in the record the complaint from the earlier action. As a result, we must presume regularity in the trial court's finding that the two complaints are "substantially the same."
 {¶ 8} Based on this determination, we find that the trial court did not err by concluding that res judicata bars the instant action. Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."State ex rel. Denton v. Bedinghaus, 98 Ohio St.3d 298,2003-Ohio-861, at ¶ 14, quoting Grava v. Parkman Twp.,73 Ohio St.3d 379, 1995-Ohio-331, syllabus. Thus, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action. Moreover, the doctrine of res judicata prohibits a collateral attack on an otherwise final judgment. Southridge Civic Assn. v.Parma, Cuyahoga App. No. 80230, 2002-Ohio-2748.
 {¶ 9} Here, the record reflects that after Trojanski was unsuccessful in appealing the trial court's judgment in her initial complaint, she filed the second lawsuit seeking repair costs against the same defendant concerning the sale of the same vehicle. Thus, the instant appeal and underlying case amount to a collateral attack of the court's earlier final judgment in the first lawsuit. Furthermore, even if Trojanski's second action raised additional claims not included in the first lawsuit, she is nonetheless barred from bringing such claims after she already had the opportunity to do so in the first case. Accordingly, we find that the trial court properly concluded that the instant action is barred by the doctrine of res judicata.
 {¶ 10} In her second assignment of error, Trojanski argues that the trial court erred by refusing to approve her App.R. 9(C) statement of the evidence in her first appeal. Again, this argument is barred by the doctrine of res judicata. Trojanski was required to raise this issue in the original appeal. Thus, because this issue arises from the original appeal and this court's dismissal of the appeal was a final judgment, we are precluded from revisiting this issue. Grava, supra, at 382.
 {¶ 11} Accordingly, both assignments of error are overruled.
 {¶ 12} The judgment is affirmed.
Judgment affirmed.
Blackmon, P.J., and Rocco, J. concur.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] We note that Trojanski fails to separately argue her assignments of error as is required under App.R. 16(A)(7). However, we are able to glean from her discussion of facts those arguments that pertain to her assignments of error, so we will address them.