JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant Hakim Ali (appellant), pro se, appeals the court's failure to conduct an evidentiary hearing on, and subsequent denial of, his post-sentence motion to withdraw guilty plea. After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 2} On February 29, 1992, appellant was arrested in Beachwood, Ohio for driving with a suspended license and suspicious activity. During a subsequent search of his vehicle, police found a small amount of drugs, a pager, a cell phone and over $15,000 in cash, and police seized these items. On February 29, 1996, appellant pled guilty to one count of drug abuse in violation of R.C. 2925.11, and the court sentenced him to one year in prison. On August 14, 1996, the court overruled appellant's motion to return property, namely the $15,000, and appellant appealed this decision. On May 15, 1997, we reversed the court's forfeiture order, holding that appellant was not charged with drug trafficking and that, although the circumstances were suspicious, there was no evidence linking the cash to an underlying criminal offense. See State v.Ali (May 15, 1997), Cuyahoga App. No. 71256. Appellant did not appeal the merits of his case at that time.
 {¶ 3} On November 2, 2006, appellant filed a post-sentence motion to withdraw guilty plea, based on ineffective assistance of counsel. On January 4, *Page 4 
2007, the court denied appellant's request, and it is from this denial that appellant now appeals.
 II {¶ 4} In his first assignment of error, appellant argues that "the trial court abused its discretion and prejudicially erred in denying [his] motion to withdraw guilty plea, based on appellant's claim that he was denied the effective assistance of trial counsel." Specifically, appellant argues that defense counsel did not properly investigate his case, resulting in a failure to seek the suppression of drugs allegedly found in his vehicle during a March 2, 1992 search.
 {¶ 5} Crim.R. 32.1 states that a "motion to withdraw a plea of guilty or no contest may be made only before a sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The defendant has the burden of proof, and post-sentence withdrawal of a guilty plea is only available in extraordinary cases.State v. Smith (1977), 49 Ohio St.2d 261, 264. We review the trial court's decision under an abuse of discretion standard. Id.
 {¶ 6} We first note that a guilty plea waives an ineffective assistance of counsel claim, unless a defendant can show that counsel's performance was deficient, and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty."State v. Xie (1992), 62 Ohio St.3d 521, 524 (citing *Page 5 Hill v. Lockhart (1985), 474 U.S. 52). See, also, Strickland v.Washington (1984), 466 U.S. 668.
 {¶ 7} In the instant case, appellant attempted to withdraw his plea over ten years after he was sentenced. Appellant claims that counsel was ineffective by misstating the facts in his motion to suppress the drugs found in his car. The date of the offense was February 29, 1992, which was a Saturday. Appellant consented to the initial on-the-scene search of his vehicle, during which $15,000 in cash was found, and a K-9 police unit indicated the presence of drugs both on the money and in the vehicle. A subsequent search based on probable cause was conducted the following Monday, March 2, 1992, and police found a small amount of marijuana seeds and stems, and crack-cocaine residue in the vehicle, for which appellant was charged with drug abuse. See State v.Brassfield, Cuyahoga App. No. 83331, 2004-Ohio-2414 (holding that "once a drug-sniffing police dog alerts to the presence of contraband, probable cause exists for a further search of the vehicle").
 {¶ 8} Appellant argues that the following misstatement of facts was made in his motion to suppress: only the February 29, 1992 search was referred to and the subsequent March 2, 1992 search was not mentioned; and counsel referred to him as being "chased and detained in violation of his constitutional rights," although appellant claims this did not happen. Appellant also argues that the police reports differentiating the two search dates were not part of the original record, as they were not discovered until 2006, when appellant began working on the motion to withdraw *Page 6 
his guilty plea. Thus, appellant argues, his Crim.R. 32.1 motion is not barred by res judicata because the two police reports were not before the court at the time of his plea. While appellant's argument against res judicata would not apply to the issue of whether he was "chased," in the interest of justice, we review both of appellant's allegations of misstatements of fact on their merits.
 {¶ 9} A careful reading of appellant's motion to suppress shows that the March 2, 1992 search was not mentioned and counsel referred to appellant being "chased." However, we find these assertions immaterial to the case at hand, and accordingly, they do not amount to a deficient performance by counsel. First, a lawful warrantless search of a vehicle is not required to occur contemporaneously to its seizure. SeeChambers v. Maroney (1970), 399 U.S. 42; Michigan v. Thomas (1982),458 U.S. 259. The fact that the drugs were found on March 2, 1992, rather than on February 29, 1992, does not change appellant's position, as there was but one lawful search of appellant's vehicle, albeit conducted at two separate times.
 {¶ 10} Second, we find nothing prejudicial to appellant by counsel's representation that appellant had been chased, when, in fact, he had not. The motion to suppress accurately states appellant's version of the facts, including that he was "detained," then inaccurately mentions that he was also "chased." By eliminating the word "chased" from the motion, we cannot reasonably conclude that appellant would not have pled guilty at the time. *Page 7 
 {¶ 11} We additionally note that the record in the instant case does not contain a transcript of the plea hearing, thus we cannot effectively determine whether appellant's plea was knowing, intelligent, and voluntary. See State v. Lake (Mar. 28, 1996), Franklin App No. 95APA07-847. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
 {¶ 12} As appellant failed to show that a manifest injustice occurred, his first assignment of error is overruled.
 III {¶ 13} In his second assignment of error, appellant argues that "the trial court abused its discretion and prejudicially erred in failing to conduct an evidentiary hearing on appellant's claim that he was denied the effective assistance of trial counsel, where the facts alleged by appellant are primarily dehors the record and based on appellant's claim of actual innocence would allow him to withdraw his plea." When reviewing a defendant's post-sentence motion to withdraw a guilty plea, a trial court must decide whether to hold an evidentiary hearing. This hearing "is required if the facts alleged by the defendant and accepted as true would require the court to permit the plea to be withdrawn."State v. Hamed (1989), 63 Ohio App.3d 5, 7. *Page 8 
 {¶ 14} Given the disposition of appellant's first assignment of error, his argument that the court erred in failing to afford him an evidentiary hearing regarding his post-sentence motion to withdraw guilty plea necessarily fails. Appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, J., and MARY EILEEN KILBANE, J., CONCUR *Page 1