[Cite as *Blue Ash Auto Body, Inc. v. Progressive Cas. Ins. Co.*, 2011-Ohio-5785.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| BLUE ASH AUTO BODY, INC., | : | APPEAL NO. C-110083 |
| | | TRIAL NO. A-0907630 |
| FINNEY AUTOMOTIVE COMPANY, INC., | : | |
| | : | *O P I N I O N.* |
| and | : | |
| VALLEY PAINT & BODY, INC., | : | |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, | : | |
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | : | |
| PROGRESSIVE PREFERRED INSURANCE COMPANY, | : | |
| PROGRESSIVE DIRECT INSURANCE COMPANY, | : | |
| ARTISAN & TRUCKERS CASUALTY COMPANY, | : | |
| and | : | |
| UNITED FINANCIAL CASUALTY COMPANY, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  November 10, 2011


*Waite, Schneider, Bayless & Chesley Co., L.P.A.*, *Stanley M. Chesley*, *Joseph T. Deters*, *W.B. Markovits*, *Terrence L. Goodman*, *Terence R. Coates* and *Erica L. Eversman*,  for Plaintiffs-Appellants,

*Baker & Hostetler LLP*, *Ernest E. Vargo*, *Michael E. Mumford*, *Ted T. Martin* and *Robert T. Razzano*, for Defendants-Appellees.



Please note:  This case has been removed from the accelerated calendar.

**SUNDERMANN, Judge.**

{¶1} Blue Ash Auto Body, Inc., Finney Automotive Company, Inc., and Valley Paint & Body, Inc., (collectively, "the auto-body shops") appeal the trial court's judgment that granted summary judgment in favor of Progressive Casualty Insurance Company, Progressive Specialty Insurance Company, Progressive Preferred Insurance Company, Progressive Direct Insurance Company, Artisan & Truckers Casualty Company, and United Financial Casualty Company (collectively, "Progressive"). We conclude that the trial court properly granted summary judgment on the auto-body shops' claims for breach of contract and unjust enrichment. We therefore affirm the judgment of the trial court.

{¶2} The auto-body shops filed a class-action lawsuit against Progressive that included claims for deceptive trade practices, breach of contract, unjust enrichment, tortious interference, and civil conspiracy. The auto-body shops alleged that Progressive illegally steered its insureds to its network of automobile repair shops; that Progressive used unregistered, illegal repair shops; that Progressive illegally suppressed prices; that Progressive interfered with the auto-body shops' professional collision repair judgment; that Progressive misapplied cost-database information; and that Progressive refused to pay the auto-body shops for necessary repairs on behalf of its insureds. Progressive filed a motion for summary judgment on the breach-of-contract and unjust-enrichment claims. The trial court granted summary judgment to Progressive on those claims. The auto-body shops dismissed their remaining claims and now appeal.

{¶3} In their first assignment of error, the auto-body shops assert that the trial court erred when it granted Progressive's motion for summary judgment with

respect to the claim for breach of contract. Summary judgment is proper when (1) there remains no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and with the evidence construed in favor of the party against whom the motion is made, that conclusion is adverse to that party. Civ.R. 56(C); *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267. We review the trial court's decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390, 2000-Ohio-186, 738 N.E.2d 1243.

{¶4} The auto-body shops contend that, because they are third-party beneficiaries of Progressive's contracts with its insureds, the auto-body companies are entitled to enforce the contracts' requirement that Progressive pay to have insured vehicles restored to pre-loss condition. According to the auto-body shops, Progressive breached the contracts by failing to pay the auto-body shops the reasonable costs of repair. The trial court concluded that the "no benefit to bailee" clause in the insurance contracts between Progressive and its insureds unambiguously precluded auto-body shops from benefitting from the policy. The auto-body shops argue that the clause in the contracts is ambiguous at best and should be construed against the drafter, Progressive. But we need not reach the issue of whether the clause is ambiguous, because we conclude that the insurance contracts did not evince a clear intention to benefit the auto-body shops.

{¶5} The auto-body shops would have enforceable rights under Progressive's insurance contracts only if the companies were intended beneficiaries. To distinguish intended beneficiaries from incidental beneficiaries, the Ohio Supreme Court has adopted the statement of law in the Restatement of the Law 2d, Contracts (1981), Section 302. *Hill v. Sonitrol of Southwestern Ohio, Inc.* (1988), 36

Ohio St.3d 36, 40, 521 N.E.2d 780. According to the Restatement, "a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate an intention of the parties and either (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." Restatement of the Law 2d, Contracts (1981), Section 302. Absent meeting the requirements set out in the Restatement, a third-party beneficiary is an incidental beneficiary without enforceable rights under the contract. Id.

{¶6} To explain the Restatement's rule, the *Hill* court adopted language in *Norfolk & W. Co. v. United States* (C.A.6, 1980), 641 F.2d 1201, that outlined the "intent to benefit" test. *Hill*, supra, at 40. Under the test, courts look to the intent of the promisee to determine whether the promisee intended the third party to benefit from the contract. Id., citing *Norfolk*, supra, at 1208.

{¶7} The Ohio Supreme Court has recently expounded on its application of the "intent to benefit" test in *Huff v. FirstEnergy Corp.*, Slip Opinion No. 2011-Ohio-5083. In *Huff*, the court considered whether a person who was injured by a falling tree that was located near a utility's easement was a third-party beneficiary of the contract between the utility and its service contractor. The analysis of the issue began with the court's recognition that "Ohio law * * * requires that for a third party to be an intended beneficiary under a contract, there must be evidence that the contract was intended to directly benefit that third party. Generally, the parties' intention to benefit a third party will be found in the language of the agreement." Id. at ¶12.

{¶8}     With this principle in mind, the *Huff* court concluded that the trial court had properly granted summary judgment to the service contractor on the issue of whether the injured person was an intended beneficiary of the contract because "it [was] unambiguous that neither [the utility nor the service contractor] intended to make the [plaintiffs] third-party beneficiaries under the contract." Id. at ¶14. The court was not convinced that a provision in the contract that the service contractor would work "to adequately safeguard all persons and property from injury" was sufficient to create a genuine issue of material fact about whether the injured person was an intended beneficiary under the contract. Id. at ¶17-19. The court concluded that the contract had not been entered into for the general benefit of the public. Rather, the intent of the parties was to ensure that the utility's lines would be free from trees and vegetation. Importantly, "[t]he contract contain[ed] no language establishing an ongoing duty to the general public on behalf of either [the utility or the service contractor]." Id. at ¶14.

{¶9}     Using *Hill* as guidance, we turn to the contracts between Progressive and its insureds. As in *Hill*, the contracts here did not evince an intention on the part of either Progressive or its insureds to benefit the auto-body shops. The purpose of the contracts was to provide insurance coverage to the insureds for damage to their covered vehicles. There is no indication in the contracts that the promisees—here, the insureds—entered into the insurance contracts to benefit the auto-body shops. Rather, any benefit to the auto-body shops was incidental to the insurance coverage provided. Like in *Hill*, the contracts contain no language establishing an ongoing duty to the auto-body shops. Their involvement is limited to the extent that they are chosen by the insureds to repair a vehicle.

{¶10}    The auto-body shops argue that Progressive's relationships with auto-body shops, its recognition of the significant role played by auto-body shops, and its day-to-day processes used to ensure that a covered vehicle is returned to its pre-loss condition demonstrate Progressive's intent to benefit the auto-body shops.  But where the contracts are unambiguous about their purpose and about the lack of intent to benefit third parties, we need not look to extrinsic evidence of Progressive's relationships with the auto-body shops.  We conclude that the auto-body shops are incidental beneficiaries to the insurance contracts.  The trial court properly granted summary judgment to Progressive on the contract claim.  The first assignment of error is without merit.

{¶11}    The auto-body shops' second assignment of error alleges that the trial court erred when it granted summary judgment to Progressive on the unjust-enrichment claim.   To establish unjust enrichment, the auto-body shops had to demonstrate "(1) a benefit conferred by [them] upon [Progressive]; (2) knowledge by [Progressive] of the benefit; and (3) retention of the benefit by [Progressive] under circumstances where it would be unjust to do so without payment ('unjust enrichment')." *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183, 465 N.E.2d 1298.

{¶12}    The auto-body shops assert that their work done to restore Progressive's insureds' vehicles to pre-loss condition benefited Progressive in that the work fulfilled Progressive's contractual obligations to its insureds.  But the auto-body shops could not demonstrate that retention of any benefit was unjust.  The shops voluntarily entered into repair contracts with the insureds and knew in advance Progressive's estimates for the work.  The auto-body shops were free to refuse to do the work.   We conclude that the trial court properly granted summary

judgment to Progressive on the auto-body shops' unjust-enrichment claim. The second assignment of error is without merit. And we therefore affirm the judgment of the trial court.

Judgment affirmed.

**HILDEBRANDT, P.J.,** and **FISCHER, J.,** concur.

Please Note:

The court has recorded its own entry this date.