[Cite as *Barton v. Realty Corp. of Am.*, 2012-Ohio-1838.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97340

---

## CARLTON BARTON, JR.

### PLAINTIFF-APPELLANT

vs.

## REALTY CORP. OF AMERICA, ET AL.

### DEFENDANTS-APPELLEES

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-739282

---

**BEFORE:** Blackmon, A.J., S. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** April 26, 2012

**ATTORNEYS FOR APPELLANT**

Darryl E. Pittman
Michael Aten
Pittman, Alexander Attorneys
2490 Lee Boulevard
Suite 115
Cleveland, Ohio 44118


**ATTORNEYS FOR APPELLEES**

**For Realty Corporation of America and Tony Viola**

Timothy T. Brick
Matthew T. Norman
Gallagher Sharp
Bulkley Building, 6th Floor
1501 Euclid Avenue
Cleveland, Ohio 44115

**For Uri Gofman**

Frank P. Giaimo
23220 Chagrin Blvd.
Suite 360
Beachwood, Ohio 44122

**For Gerald Spuzillo and GJS and Associates**

Erin R. Flanagan
Erin R. Flanagan, Esq., Ltd.
75 Public Square
Suite 920
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

**{¶1}** Appellant Carlton Barton, Jr. ("Barton") appeals the trial court's dismissal of his complaint based on the appellees' motions for dismissal pursuant to Civ.R. 12(B)(6). The parties that took part in the filing of the motions included: Gerald Spuzillo ("Spuzillo"); GJS & Associates ("GJS"); Realty Corporation of America, LLC ("RCA"); Tony Viola ("Viola"); Uri Gofman ("Gofman"); Linas Puskorius ("Puskorius"); Naum and Leonid Simkhovich (the "Simkhoviches"); Karka Corporation ("Karka"); and, Real Asset Fund, Ltd. ("RAF"). Barton assigns the following four errors for our review:

> **I.  The trial court erred in holding that appellant's claims against appellees Uri Gofman and Real Asset Fund, Ltd. are barred by the doctrine of res judicata.**
>
> **II.  The trial court erred in holding that appellant's claims against appellee Gerald Spuzillo are barred by the doctrine of res judicata.**
>
> **III.  The trial court erred in holding that appellant's claims against appellee GJS Services Inc. are barred by the doctrine of res judicata.**
>
> **IV.  The trial court erred in holding that appellant's claims against appellees Tony Viola and Realty Corporation of American are barred by the doctrine of res judicata.**

**{¶2}** Having reviewed the record and pertinent law, we reverse the trial court's decision and remand for further proceedings.  The apposite facts follow.

**Facts**

{¶3}   Barton's complaint shows that he responded to an advertisement in the newspaper regarding the purchase of multiple investment properties at an affordable price.   He was informed that to participate in the program, he had to purchase a minimum of six properties and that two had to be located in the suburbs.   In March 2005, Barton purchased 12 properties.[1]

{¶4}   Thereafter, as shown by the pleadings attached to the appellees' motion to dismiss and Barton's motion in opposition, several banks started foreclosure proceedings against several of the properties, resulting in Barton filing third-party complaints in response to the foreclosure proceedings.   A recitation of the procedural history of the other cases is necessary in order to address the current appeal.

{¶5}   In Case No. CV-588111, Mers filed a foreclosure action against Barton regarding his property located at 3095 East 83rd Street.[2]   In response, on April 13, 2007, Barton filed an answer with counterclaims and also included a third-party complaint against several of the appellees in the instant case [RAF, Viola, GJS, and Gofman], along with a few others not part of the instant appeal.   On May 10, 2010, Barton dismissed his

---

[1]The addresses of the properties were: 1) 481 Babbit Road, 2) 2260 Belvoir 3) 184 East 175th Street, 4) 2847 Idlewood, 5) 3324 Desota, 6) 2589 Beyerle Road, 7) 6619 Consul, 8) 8749 Capitol, 9) 12101 Oseola, 10) 17636 Winslow, 11) 18412 Winslow, and 12) 24170 Glenbrook.

[2]The East 83rd Street property is not listed in Barton's most recent complaint as one of the 11 properties he purchased from appellees.

third-party complaint against Viola and RAF. What happened to the remainder of the third-party complaint is unknown based on the record before us.

{¶6} In Case No. CV-590008, Deutsche Bank filed a foreclosure action against Barton regarding his property located at 18412 Winslow. In response, on October 26, 2006, Barton filed counterclaims to the complaint and a third-party complaint against Gofman, RAF, RCA, and several other parties not part of the instant appeal. On November 11, 2008, the trial court dismissed Barton's third-party complaint based on Barton's failure to prosecute his claims.

{¶7} In Case No. CV-622016, Wells Fargo filed a foreclosure action against Barton regarding his property located at 24170 Glenbrook. On June 29, 2007, Barton filed counterclaims and a third-party complaint against RCA, Viola, and several other parties not relevant to the instant appeal. On November 11, 2010, Barton voluntarily dismissed the third-party complaint without prejudice.

{¶8} In Case No. CV-670851, Barton for the first time commenced the action by filing a complaint on September 17, 2008. The parties named that are relevant to the instant appeal were RCA, Viola, Spuzillo, GJS, Gofman, the Simkoviches, and Karka. The complaint concerned properties that were not the subject of the prior foreclosure proceedings, but concerned the following properties: 8749 Capitol, 3324 Desota, 6619 Consul, 2589 Beyerle Rd., 2260 Belvoir, 2847 Idlewood, and 12101 Oseola. He alleged ten causes of action including: violation of the mortgage broker act, breach of fiduciary duty, intentional and negligent emotional distress, violation of the TILA and RESPA,

civil conspiracy, negligence, violation of the Ohio Corruption Act, violation of CSPA, fraud, and violation of the Ohio Deceptive Practices Act. On May 17, 2010, he voluntarily dismissed the case without prejudice.

{¶9} On October 18, 2010, Barton filed the complaint that is the subject of the instant appeal. In the complaint, he included all of his properties except for the property located at East 83rd Street. The parties named as defendants were: RCA, Viola, Puskorius, Spuzillo, GJS, Gofman, the Simkoviches, Karka, and RAF. He brought the same claims he did in the prior complaint, except for a claim for the violation of the TILA and RESPA, which concerned parties not parties to the new suit.

{¶10} RCA, Viola, and Puskorius filed a Civ.R. 12(B)(6) motion to dismiss alleging that the action had been refiled and voluntarily dismissed without prejudice many times and that pursuant to the two-dismissal rule, res judicata barred the current suit. Gofman filed a separate motion alleging the same argument; Spuzillo and GJS likewise filed a similar motion to dismiss. Barton opposed the motions arguing that because different properties were the subject of the various actions, res judicata did not apply, and because the same parties were not dismissed with prejudice twice, the two-dismissal rule did not apply.

{¶11} The trial court concluded that the two-dismissal rule and res judicata barred Barton's claims. The court concluded the claims against the Simkhoviches and Karka still remained pending because Barton had only dismissed his claims once as to these

parties. The court found that there was "no just case for delay" as to the parties that were dismissed from the case.

## Civ.R. 12(B)(6) Dismissal

{¶12} The issue in Barton's four assigned errors is whether Barton's claims were barred by the two-dismissal rule and res judicata; consequently, we will discuss the errors together.

{¶13} The defense of res judicata is not properly raised in a motion to dismiss under Civ.R. 12(B)(6) because it requires the consideration of evidence outside the complaint. *See State, ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 109, 579 N.E.2d 702 (1991). Instead, summary judgment is the preferred means by which to address res judicata. *Id.* In the instant case, it is undisputed that without the attached documents of the pleadings, the trial court would not have been able to rule on the motion. This court has held several times that prior pleadings from other cases cannot be attached as evidence to a Civ.R. 12(B)(6) motion to dismiss. *Harris , M.D. v. Pro-Lawn Landscaping, Inc.*, 8th Dist. No. 97302, 2012-Ohio-498; *Northpoint Properties, Inc. v. Petticord,* 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869 (8th Dist.) However, in the instant case where both of the parties attached the prior pleadings no prejudice resulted. *EMC Mtge. Corp. v. Jenkins*, 164 Ohio App.3d 240, 2005-Ohio-5799, 841 N.E.2d 855, ¶12-15 (10th Dist.) (Where both parties rely on evidence outside the complaint, no prejudice results.)

{¶14}  A dismissal pursuant to Civ.R. 12(B)(6) is reviewed de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 81, 2004-Ohio-4362, 814 N.E.2d 44.  Applying this standard, we conclude the trial court erred by dismissing Barton's claims based on the two-dismissal rule.

{¶15}  The Ohio Supreme Court explained the double dismissal rule in *Olynyk v. Scoles,* 114 Ohio St.3d 56, 2007-Ohio-2878, 868 N.E.2d 254, ¶ 10, as follows:

**It is well established that when a plaintiff files two unilateral notices of dismissal under Civ.R. 41(A)(1)(a) regarding the same claim, the second notice of dismissal functions as an adjudication of the merits of that claim, regardless of any contrary language in the second notice stating that the dismissal is meant to be without prejudice. In that situation, the second dismissal is with prejudice under the double-dismissal rule, and res judicata applies if the plaintiff files a third complaint asserting the same cause of action. See 1970 Staff Note to Civ.R. 41 (When a dismissal is with prejudice, "the dismissed action in effect has been adjudicated upon the merits, and an action based on or including the same claim may not be retried").** (Internal citations omitted.)

{¶16}  In the instant case, Barton is not subject to the two-dismissal rule.  The record shows he dismissed his third-party complaint only once as to the property involved.  His third-party complaint in Case No. CV-588111 was voluntarily dismissed

without prejudice, but the complaint only dealt with his property at East 83rd Street. He voluntarily dismissed his complaint in Case No. CV-622016, but that complaint concerned the property located at 24170 Glenbrook. His complaint filed in Case No. CV-670851 was also dismissed, but concerned seven properties that did not include East 83rd or Glenbrook. Therefore, although some of the same parties were involved in these other transactions and Barton brought similar claims in each action, they undisputedly dealt with different properties. Thus, the double dismissal rule would not apply in the instant case because Barton has only voluntarily dismissed his claims as to each property one time.[3]

{¶17} In fact, it would have been legally improper for Barton to include in his third-party complaint, parties and properties that were not the subject of the primary complaint. As the Ohio Supreme Court in *State ex rel. Jacobs v. Mun. Court of Franklin Cty.,* 30 Ohio St.2d 239, 241-42, 284 N.E.2d 584, 586 (1972) held:

**Civ.R. 14(A) sets forth an express condition which must be satisfied before a third party may be impleaded, "a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action**

---

[3]Barton's third-party complaint in Case No. CV-590008 was dismissed by the court for failure to prosecute; thus it was not voluntarily dismissed by Barton and furthermore only concerned the property located at 18412 Winslow.

who is or may be liable to him for all or part of the plaintiff's claim against him." This language presupposes that the liability sought to be "passed on" by the third-party claim arose out of the transaction or occurrence which is the subject matter of the primary claim. *The transaction or occurrence which forms the subject matter of the primary claim must be the same transaction or occurrence that gives rise to legal rights in the defendant against the third-party defendant.* If the claim asserted in the third-party complaint does not arise because of the primary claim, or is in some way derivative of it, then such claim is not properly asserted in a third-party complaint. See *Lincoln Gateway Realty Co. v. Carri-Craft*, supra (53 F.R.D. 303); *Joe Grasso & Son v. United States*

**(S.D.Tex.1966), 42 F.R.D. 329;** *Aetna Casualty & Surety Co. v. Kochenour* **(M.D.Pa.1968), 45 F.R.D. 248;** *Donaldson v. United States Steel Corp***. (W.D.Pa.1971), 53 F.R.D. 228. See, also, 5 Wright and Miller, Federal Practice and Procedure, 245-259, Section 1146.** (Emphasis added).

{¶18}   A third-party complaint cannot be founded upon an independent cause of action even if the cause of action arises out of the same occurrence as the original complaint. *State Farm Mut. Auto Ins. Co. v. Charlton*, 41 Ohio App.2d 107, 322 N.E.2d 333 (10th Dist.1974).   The appellees contend that a third-party complaint would have been proper because the claims all arose from properties that were purchased at the same time.   However, as this court in *Van Atta v. Akers*, 8th Dist. Nos. 82361 and 82422, 2003-Ohio-6615, at ¶ 33, explained:

**In order to be a proper subject of a third-party action, the alleged right of the defendant to recover, or the duty allegedly breached by the third-party defendant, must arise from the plaintiff's successful prosecution of the main action against the defendant.** *Renacci v. Martell* **(1993), 91 Ohio App.3d 217, 221, 632 N.E.2d 536.   A**

**third-party claim must be derivative of the outcome of the main claim, and the third-party must be "secondarily liable."** *Id.*

{¶19}     Here, the primary claim for each complaint concerned foreclosure proceedings on a particular property; thus, it would have been improper for Barton to implead the other properties that were not even in foreclosure at the time the complaint was filed and were brought by different banks.

{¶20} Under the doctrine of res judicata, "'[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" *State ex rel. Denton v. Bedinghaus*, 98 Ohio St.3d 298, 301, 2003-Ohio-861, 784 N.E.2d 99, quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226, syllabus.  Thus, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action.  *Trojanski v. George*, 8th Dist. No. 83472, 2004-Ohio-2414.  Thus, res judicata applies to situations where the plaintiff brought or should have brought claims during the prior suit.  Here, because Barton was actually filing third-party complaints for the majority of his claims, he was limited by what the primary complaint was based upon.  In three of the cases, the complaints dealt with foreclosure actions initiated by different banks on different properties.  Barton could not have brought third-party claims against the appellees for all the other properties that were not the subject of the primary complaint.  Therefore, res judicata would not apply.  Accordingly, Barton's four assigned errors are sustained.

**{¶21}** Judgment reversed and remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR