[Cite as *Blue Ash Auto Body, Inc. V. Progressive Cas. Ins. Co.*, 2013-Ohio-5741.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99892**

# BLUE ASH AUTO BODY, INC., ET AL.

PLAINTIFFS-APPELLANTS

vs.

# PROGRESSIVE CASUALTY INS., CO., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-791816

**BEFORE:** E.T. Gallagher, J., Jones, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** December 26, 2013

**ATTORNEYS FOR APPELLANTS**

**For Blue Ash Auto Body, Inc.**

Peter D. Traska
Traska Law Firm, L.L.C.
4352 Pearl Road, Suite A
Cleveland, Ohio 44109

Jason R. Bristol
Joshua R. Cohen
Ellen Maglicic Kramer
James B. Rosenthal
Cohen, Rosenthal & Kramer, L.L.P.
The Hoyt Block Building
700 West St. Clair Avenue, Suite 400
Cleveland, Ohio 44113

**For Valley Paint & Autobody, Inc.**

Erica L. Eversman
846 North Cleveland-Massillon Road
Bath, Ohio 44333


**ATTORNEYS FOR APPELLEES**

Ernest E. Vargo
Michael E. Mumford
Thomas D. Warren
Baker & Hostetler
1900 East Ninth Street, Suite 3200
Cleveland, Ohio 44114

EILEEN T. GALLAGHER, J.:

{¶1} Plaintiffs-appellants, Blue Ash Auto Body, Inc., Finney Automotive Company, Inc., and Valley Paint & Autobody, Inc. (collectively referred to as "appellants"), appeal the dismissal of their class action complaint against defendants-appellees, Progressive Casualty Insurance Company, Progressive Specialty Insurance Company, Progressive Preferred Insurance Company, Progressive Direct Insurance Company, Artisan & Truckers Casualty Company, and Financial Casualty Company (collectively referred to as "Progressive"). We find merit to the appeal and reverse.

{¶2} Appellants are auto body shops that performed repairs on vehicles insured under Progressive insurance policies. In August 2009, appellants filed a class action complaint in the Hamilton County Common Pleas Court against Progressive that included claims for deceptive trade practices, breach of contract, unjust enrichment, tortious interference with business, and civil conspiracy. They alleged, inter alia, that Progressive refused to pay the auto-body shops for necessary repairs on their insured's vehicles.

{¶3} Progressive filed a motion for summary judgment on appellants' breach of contract and unjust enrichment claims. The Hamilton County Common Pleas Court granted the motion in favor of Progressive and certified the judgment with Civ.R. 54(B) language. Appellants moved the court to dismiss their remaining claims without prejudice in order to appeal the trial court's judgment. The First Appellate District

affirmed the summary judgment in favor of Progressive. *Blue Ash Auto Body, Inc. v. Progressive Cas. Ins. Co.*, 1st Dist. Hamilton No. C-110083, 2011-Ohio-5785.

{¶4} In September and November 2012, appellants filed a complaint and an amended complaint, respectively, in the Cuyahoga County Common Pleas Court against Progressive, asserting the claims for deceptive trade practices, tortious interference with business, and civil conspiracy (the "remaining claims") that were voluntarily dismissed by the Hamilton County Common Pleas Court. In their amended complaint, appellants acknowledged that this action was originally filed in the Hamilton County Court of Common Pleas and that the Hamilton County court granted Progressive's motion for summary judgment on their breach of contract and unjust enrichment claims. However, appellants further alleged that, pursuant to an agreement among the parties (the "Tolling Agreement"), they dismissed the remaining claims without prejudice while they pursued their appeal of the summary judgment ruling.

{¶5} With respect to the parties' Tolling Agreement, the amended complaint alleged:

> 18. Pursuant to the parties' written [tolling] agreement, any statute of limitations applicable to the Plaintiffs' causes of action that were voluntarily dismissed would remain tolled during the pendency of the appeal and for a specified period thereafter.
>
> 19. On November 10, 2011, the First District Court of Appeals affirmed the summary judgment ruling. On March 21, 2012, the Ohio Supreme Court declined to accept the case for review. The Plaintiffs re-filed this lawsuit within the period stipulated under their written agreement with the Defendants.

**{¶6}** Progressive moved to dismiss the complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim. Progressive argued that this case was barred by res judicata based on the final judgment in the Hamilton County case. It also argued that even if res judicata were inapplicable, the complaint, nevertheless, failed to state a claim for relief. The trial court determined that appellants' claims were barred by res judicata and granted the motion to dismiss. Appellants now appeal and raise two assignments of error.

## Standard of Review

**{¶7}** We review an order dismissing a complaint for failure to state a claim for relief de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44. Under this standard of review, we must independently review the record and afford no deference to the trial court's decision. *Herakovic v. Catholic Diocese of Cleveland,* 8th Dist. Cuyahoga No. 85467, 2005-Ohio-5985, ¶ 13.

**{¶8}** A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. Thus, when ruling on a Civ.R. 12(B)(6) motion, a court may not rely on evidence or allegations outside the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997). Civ.R. 12(B)(6) instructs in pertinent part:

> When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable

opportunity to present all materials made pertinent to such a motion by Rule 56.

{¶9} Therefore, the trial court may dismiss a complaint only if it appears beyond a doubt, from the face of the complaint, that the plaintiff can prove no set of facts entitling the plaintiff to recover. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.

## Res Judicata

{¶10} In the first assignment of error, appellants argue the trial court erred in dismissing the complaint pursuant to Civ.R. 12(B)(6) on the basis of res judicata. They contend the trial court erroneously relied on the parties' Tolling Agreement in finding appellants' claims barred by res judicata. We agree.

{¶11} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226, (1995), syllabus. Thus, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action. *Trojanski v. George*, 8th Dist. Cuyahoga No. 83472, 2004-Ohio-2414.

{¶12} Civ.R. 8(C) designates res judicata an affirmative defense. Civ.R. 12(B) enumerates defenses that may be raised by motion and does not mention res judicata. For this reason, the Ohio Supreme Court has held that res judicata may not be raised in a

motion to dismiss under Civ.R. 12(B). *State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 109, 579 N.E.2d 702 (1991).

{¶13} Nevertheless, the trial court concluded that because appellants referenced the Hamilton County case in the amended complaint, "it is proper for the Court to rule on res judicata in a Rule 12 motion to dismiss." In support of this conclusion, the trial court cited *Barton v. Realty Corp. of Am.*, 8th Dist. Cuyahoga No. 97340, 2012-Ohio-1838, in which this court held that where both parties provide evidence of the prior pleadings, and neither side is prejudiced by the evidence, the court may consider the evidence for purposes of a motion to dismiss based on res judicata. *Id*. at ¶ 13. However, this is an exception to the general rule the Supreme Court proclaimed in *Freeman*, and is limited to situations where both parties provide the prior pleadings and neither side is prejudiced by the evidence. *Id*.

{¶14} In the amended complaint, appellants alleged that the parties agreed to toll the statute of limitations on all remaining claims that were not subject to the motion for summary judgment. In its motion to dismiss, Progressive asserted that neither Progressive nor appellants' trial counsel "contemplated" that the remaining claims would be refiled in the event the summary judgment was affirmed on appeal. However, this fact was not alleged in the complaint.

{¶15} In their reply brief, appellants attached a copy of the Tolling Agreement to disprove Progressive's unsubstantiated assertion. In its order granting Progressive's motion to dismiss, the trial court stated, in relevant part:

The Plaintiffs first argue that the "Tolling Agreement" that the parties entered into has preserved their claims. However, nowhere within the "Tolling Agreement" is the defense of res judicata waived.

{¶16} Thus, the trial court's determination that appellants' claims were barred by res judicata was based on evidence outside the four corners of the complaint and was therefore in violation of Civ.R. 12(B)(6).[1]

{¶17} Relying on *Hauser v. Dayton Police Dept*., 2d Dist. Montgomery No. 24965, 2013-Ohio-11, the trial court also erroneously concluded that because the Hamilton County court included a Civ.R. 54(B) certification in its decision granting summary judgment, the Hamilton County Court's judgment was final, and res judicata bars all the remaining claims, even though they were dismissed without prejudice. In *Hauser*, the court held that

> [a] voluntary dismissal of all defendants renders an interlocutory summary judgment decision a nullity. However, if that decision was a final order, such as one containing Civ.R. 54(B) language, then the order was not an interlocutory one subject to nullification by a voluntary dismissal.

*Id*. at ¶ 9, fn.1. In its order granting defendants' motion to dismiss, the trial court reasoned that since a voluntary dismissal nullifies an interlocutory summary judgment order, the opposite is also true, i.e., that a voluntary dismissal of claims remaining after an order granting summary judgment with Civ.R. 54(B) language nullifies the remaining claims.

---

[1] The Tolling Agreement was not authenticated, and there was no evidence of the type listed in Civ.R. 56(C) to support a motion for summary judgment.

{¶18} However, Civ.R. 54(B) authorizes the court to enter final judgment as to one or more, but fewer than all claims and/or in an action, upon an express determination that there is no just reason to delay entering such a judgment. *Denham v. New Carlisle*, 86 Ohio St.3d 594, 595, 716 N.E.2d 184 (1999). The order is only final as to those claims and/or defendants that are subject to the judgment with the Civ.R. 54(B) certification. Indeed, when the trial court certifies a judgment as final for purposes of Civ.R. 54(B), it makes "a factual determination that an *interlocutory appeal* is consistent with the interests of sound judicial administration." (Emphasis Added.) *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 617 N.E.2d 1136 (1993), paragraph one of the syllabus. The Civ.R. 54(B) certification allows the parties to appeal an interlocutory judgment while other claims remain pending.

{¶19} A judgment with the Civ.R. 54(B) certification is an adjudication on the merits as to the claims and parties that are subject to the judgment. As the *Hauser* court noted, while a voluntary dismissal of a complaint without prejudice nullifies interlocutory summary judgment orders, a voluntary dismissal of the remainder of a case will not nullify an order granting summary judgment, if it was properly certified with Civ.R. 54(B) language.

{¶20} Contrary to the trial court's order, a summary judgment on some claims that includes a Civ.R. 54(B) certification does not adjudicate the remaining claims on the merits. They remain to be adjudicated or dismissed with prejudice. With few exceptions that are inapplicable here, "[a] dismissal without prejudice leaves the parties

as if no action had been brought at all." *Denham* at 596.   Therefore, res judicata cannot bar the refiling of claims in this case that were only dismissed once without prejudice.

{¶21} In this case, appellants dismissed the remaining causes of action without prejudice pending their appeal of the summary judgment order in favor of Progressive on two of their claims.   The First District Court of Appeals had jurisdiction to hear the appeal because the trial court properly certified the judgment as a final order under Civ.R. 54(B), and the judgment was a final appealable order.   Since the remaining claims were dismissed without prejudice, and they were not adjudicated on the merits, they are not barred by res judicata.   Furthermore, appellants not only raised the claims in the original action, they preserved them by dismissing them without prejudice and obtaining a waiver of the statute of limitations from Progressive.

{¶22} Therefore, we sustain the first assignment of error.

### Negotiated Agreement

{¶23} In the second assignment of error, appellants assert that Progressive agreed to the refiling of claims dismissed without prejudice.   However, since we have determined that the trial court erroneously dismissed Appellants' amended complaint on the basis of res judicata, the second assignment of error is moot.

### Progressive's Other Arguments

{¶24} Finally, Progressive argues that appellants failed to allege claims for tortious interference, deceptive trade practices, and civil conspiracy in a manner upon which relief might be granted.   Progressive also contends it enjoys a privilege defense to liability for

appellants' claims. However, the trial court declined to address these issues and appellate courts generally do not address issues that were not addressed by the trial court. *Bowen v. Kil-Kare, Inc.*, 63 Ohio St.3d 84, 89, 585 N.E.2d 384 (1992). Therefore, Progressive's arguments with respect to its claimed privilege and the alleged deficiencies in the amended complaint are not properly before us.

{¶25} Judgment reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellants recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
TIM McCORMACK, J., CONCUR